GEORGE S. BAILEY, III, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bailey v. Commissioner
Docket No. 8182-86.
United States Tax Court
T.C. Memo 1987-368; 1987 Tax Ct. Memo LEXIS 368; 53 T.C.M. (CCH) 1447; T.C.M. (RIA) 87368; July 27, 1987. Burgess J. W. Raby and Arthur P. Allsworth, for the petitioner. Anne W. Durning, for the respondent. GERBER
MEMORANDUM OPINION GERBER, Judge: Respondent, by a Motion To Dismiss For Lack of Jurisdiction filed July 10, 1986, seeks the dismissal of this case because the petition was not filed within ninety days of the mailing of the statutory notices of deficiency. Petitioner objects to respondent's motion on the ground that the notices, although properly mailed, were allegedly mishandled and not delivered by the Postal Service. The specific issue presented is whether petitioner's and his former mother-in-law's testimonies that the notices were not received are sufficient to show that the Postal Service did not make proper delivery *369 and, if so, whether the Postal Service's actions would be sufficient to cause an exception to the general rule of section 6212. [1]
Respondent, on November 16, 1984, mailed duplicate statutory notices of deficiency concerning the 1981 taxable year, to George S. Bailey (petitioner herein) and Karan P. Bailey at two separate addresses, to wit: 8024 East Fifth Avenue, Mesa, Arizona 85208, and 110 June Street, Mesa, Arizona 85204. [2] Both envelopes were returned to respondent and one of them contained the Postal Service notation: "RETURN TO SENDER NO SUCH NUMBER Mesa, AZ 85201;" and the other contained the Postal Service notations: "RETURNED TO SENDER Unclaimed" and "Claim Check No. 071444 Date 11-23 1st notice, 12-1 2nd notice, 12-10 return." Petitioner's petition in this case was filed on March 28, 1986, which date is substantially more than ninety days from November 16, 1984. *370 Petitioner recognizes that respondent may comply with the requirements of section 6212 by mailing the notice of deficiency by certified mail to the taxpayer's last known address. , affd. without published opinion . Petitioner also agrees that respondent has properly met those requirements in this case. Petitioner, however, argues that under the holding of , he may show that the statutory notices in this case were diverted or mishandled by the Postal Service as an exception to the strict application of section 6212(b)(1). To meet his burden of showing mishandling by the Postal Service, petitioner offered his and his ex-wife's mother's testimony to the effect that they did not receive, and delivery was not attempted, at either of the addresses shown on the returned notices of deficiency. Petitioner states that his own testimony alone "would be insufficient to overcome the presumption in favor of the delivery of properly addressed mail by the Postal Service," citing . *371 Petitioner contends, however, that the additional testimony of his ex-wife's mother, who at all times resided at the Fifth Avenue address, is sufficient to bolster or corroborate his own testimony and overcome the presumption. Unfortunately, we cannot agree. One of the notices of deficiency was returned to respondent with the notation that there was "no such number." With respect to that notice, there is some doubt abut the Postal Service's handling. [3] See , revg. an unpublished order of this Court. There is no need to dwell upon this notice because the other notice does not appear to have any apparent defects or problems. One of the duplicate notices of deficiency contains a return receipt which reflects that delivery was attempted on two occasions and that it was unclaimed. Petitioner has, in essence, offered nothing more than the taxpayer in It is not essentially a question of credibility that we must consider here, but one involving the quantum of proof necessary to show that the "mailed" notice was mishandled by the Postal Service. *372 Here, we are confronted with the testimony of two individuals who did not receive the notices which were eventually returned to respondent by the Postal Service. Even affording full weight to their testimony, "[t]here is a strong presumption in the law that a properly addressed letter will be delivered, or offered for delivery, to the addressee." . Petitioner incorrectly places his emphasis on the existence of a second person's testimony that the notices were not received. Although the second person's testimony may have the effect of corroborating the first person's testimony, it does not, without more, overcome the presumption. To reflect the foregoing, An order will be entered dismissing this case for lack of jurisdiction.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the period in question. ↩
2. The addressed on the duplicate notices were the ones shown on petitioner's joint 1982 income tax return (where he had resided with his former wife) and petitioner's temporary address (petitioner's ex-wife's mother's residence) at which respondent's agent had conducted part of the 1982 audit. ↩
3. Neither party has alleged that either notice of deficiency was improperly addressed and petitioner admits that the addresses of the notices were his correct "last known addresses." ↩